**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

S.G.C.,

Petitioner,

v.

TRINITY MINTER, Warden, Western Tennessee Detention Facility, et al., [1]

Respondent.

No. 2:26-cv-03466-TLP-tmp

**ORDER DIRECTING PETITIONER TO SERVE RESPONDENT, DIRECTING RESPONDENT TO SHOW CAUSE, DIRECTING PETITIONER TO REPLY, AND DENYING EMERGENCY MOTION AS MOOT**

Pro se Petitioner S.G.C., a noncitizen detained in the West Tennessee Detention Facility in Mason, Tennessee, petitions pro se for habeas corpus relief under 28 U.S.C. § 2241. (ECF No. 2.)

The Court **ORDERS** Petitioner to serve a copy of the Petition, all attached documents, and this Order to the United States Attorney for the Western District of Tennessee electronically at the following email address: **jason.martin3@usdoj.gov**. Petitioner shall do so within **three (3) days** of this Order.

[1] The proper respondent to the § 2241 Petition is the United States Immigration and Customs Enforcement District Director for the district in which the alien is being detained. *See Roman v. Ashcroft*, 340 F.3d 314, 320–22 (6th Cir. 2003). The Court therefore respectfully **DIRECTS** the Clerk to keep **"Christopher Bullock"** as Respondent and to terminate all other named Respondents.

Under the Court's authority under the All Writs Act, 28 U.S.C. § 1651, the Court **ORDERS** Respondent not to remove Petitioner from the Western District of Tennessee while the § 2241 Petition is pending. *See A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1369 (2025).

Given the issues raised in the § 2241 Petition, the Court **ORDERS** Respondent to show cause in writing within **three (3) days** of service why the § 2241 Petition should not be granted. *See* 28 U.S.C. § 2243.

The Court further **ORDERS** Petitioner to file a reply to Respondent's return within **three (3) days** of service. Failure to comply with this requirement may justify the Court dismissing the Petition without further notice. *See* Fed. R. Civ. P. 41(b).

Petitioner also filed an Emergency Motion for Order to Show Cause, and for Production of Evidence, and for a Limited Order Barring Transfer on an Emergency Basis. (ECF No. 5.) But the Court's Order has already provided Petitioner this relief. As a result, the Court **DENIES** Petitioner's Emergency Motion as **MOOT**.

The Court will set a hearing by separate order if necessary. *See* 28 U.S.C. § 2243.

**SO ORDERED**, this 2nd day of November, 2026.

s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE